IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KORNELL STRENGER, M54812, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-287-DWD |
| | ) |
| JOHN OR JANE DOE 1, | ) |
| JANE DOE 2 (NURSE), | ) |
| JOHN DOE 3 (EYE DOCTOR), | ) |
| WEXFORD, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Kornell Strenger, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that the defendants have violated his rights by failing to provide treatment for an injury to his eye socket. Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are

to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on March 2, 2023, he was beaten and stabbed by another inmate at Pinckneyville Correctional Center. (Doc. 1 at 7). Upon arrival at Menard on March 8, 2023, he told Jane Doe 1 that he believed his eye socket was broken from the fight because a bone was protruding from his cheek. He claims that between March 9th and 15th, 2023, he was taken for an x-ray at Menard. He alleges that Jane Doe 2 told him that she was inexperienced with the x-ray machine, and thus he claims that she faked an x-ray. When he asked to see the results, she told him his face was not broken but would not show him any results. (Doc. 1 at 7).

Plaintiff alleges that he continued to ask for help and was then seen by John Doe 3 (an eye doctor). He claims he explained his injury to the doctor and gave him permission to feel the bone protruding from his face. The doctor felt his face, but Plaintiff provides no other information about what the doctor did after this examination. (Doc. 1 at 7).

Plaintiff alleges that in late March of 2023 he asked to see the x-ray films but was denied access. (Doc. 1 at 7). He filed a grievance seeking proper medical treatment. He alleges that Menard delayed or denied further care. As relief he seeks monetary compensation, a transfer to another prison, and expungement of his parole time. (Doc. 1 at 12).

Based on the allegations in the Complaint, the Court will designate the following claims:

>   **Claim 1:**    Eighth Amendment deliberate indifference claim against Defendant Jane Doe 1 for failing to coordinate care upon Plaintiff's intake on March 8, 2023;
>
>   **Claim 2:**    Eighth Amendment deliberate indifference claim against Defendant Jane Doe 2 for failing to perform an x-ray or otherwise denying or delaying treatment in mid-March of 2023;
>
>   **Claim 3:**    Eighth Amendment deliberate indifference claim against John Doe 3 (the eye doctor) for allegedly delaying or denying care after examining Plaintiff's face in March of 2023.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## **Preliminary Dismissal**

Plaintiff named Wexford in the caption of this case, but he did not provide any factual allegations about Wexford. Wexford is a private corporation that cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Thus, under *Monell*, for Plaintiff to recover from Wexford, he must show that the alleged constitutional violation was caused by: (1) an express policy that caused a constitutional deprivation when enforced; (2) a widespread practice that was so

permanent and well-settled that it constituted a custom or practice; or (3) a person with final policymaking authority. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). In other words, a plaintiff must show that "systematic and gross deficiencies in …[IDOC's] medical care system," caused his injury, and also that "a policymaker or official knew about these deficiencies and failed to correct them." *Daniel v. Cook Cty.*, 833 F.3d 728, 735 (7th Cir. 2016). Alternatively, a plaintiff must show that "the unlawful practice was so pervasive that acquiescence on the part of policymakers was apparent and amounted to a policy decision." *Dixon v. Cty. Of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Without any allegations pertaining to Wexford, Plaintiff has failed to state a claim against the entity, and Wexford will be dismissed without prejudice.

## Analysis

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

At this early juncture, the Court will assume in Plaintiff's favor that he had a serious injury to the extent that there was a perceptible bone or mass protruding from his face/eye socket after a fight.  He alleges that he asked Jane Doe 1 (Chief medical officer at Menard), Jane Doe 2 (nurse who performed x-ray), and John Doe 3 (eye doctor) for the care needed to diagnose and treat this issue, but they either delayed or denied him care.  Plaintiff may proceed on Claims 1-3 at this juncture.  Because all three defendants are John or Jane Does, the Court will add the Warden of Menard to this lawsuit in official capacity to assist with John Doe identification.  **Plaintiff must file a notice within 21 days giving any information he has about these individuals such as their nicknames, partial names, physical appearance, and dates when he interacted with them.**

To the extent that Plaintiff demands a prison transfer, he has not provided any basis for injunctive relief of this sort.  He alleges that approximately two years ago he got either got no care or delayed access to care for a serious injury, but he does not say anything to suggest this problem still exists.  Additionally, he does not say anything that suggests a prison transfer would help to maintain the status quo.  Thus, relief of this nature would be inappropriate.  To the extent that he seeks an expungement of parole time, this is not available in a § 1983 lawsuit.

## Motion for Recruitment of Counsel

Plaintiff filed a motion for recruitment of counsel with his complaint. (Doc. 3).  In his Motion he indicates that he is a high school graduate but that he does not have the necessary knowledge to pursue this case, and he is not licensed in the law.  He also indicates he attempted to recruit his own counsel, and he provided proof of

correspondence with two entities, as well as names of others he contacted. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

If plaintiff has demonstrated an attempt to secure counsel, then the Court turns to considering the complexity of the case and plaintiff's competence to represent himself. "Some of the circumstances that require judicial consideration are the phase of the litigation, if the prisoner has been transferred between facilities, if the claims involved the state of mind of the defendant such as those involving deliberate indifference, and if the case involves complex medical evidence, including expert testimony." *Thomas v. Wardell*, 951 F.3d 854, 860 (7th Cir. 2020); *Eagan v. Dempsey*, 987 F.3d 667, 682-83 (7th Cir. 2021) (citations omitted). As for competence, "A judge will normally consider 'the plaintiff's literacy, communication skills, educational level, and litigation experience' along with any evidence in the record 'bearing on the plaintiff's intellectual capacity and psychological history.' But these are merely factors that are ordinarily relevant. No one factor is 'necessary or conclusive.'" *Jones v. Anderson*, 116 F.4th 669, 675-76 (7th Cir. 2024) (internal citations omitted). The court must examine specifically the plaintiff's ability to litigate the case, as opposed to the ability of any "jailhouse lawyer" assisting the plaintiff. *Eagan*, 987 F.3d at 682.

Here, Plaintiff's complaint is at the earliest stages of the litigation. His complaint was short and easy to follow. He indicates he has a high school education and does not identify any particular challenges other than a lack of a law license or familiarity with the law. These are obstacles that almost all pro se litigants face. Although this case concerns the adequacy of medical care, and may thus be complex later in the litigation, the case is still in its infancy. Next, the Court will serve the defendants, and it will set deadlines for the parties to work on the identification of the John Does. After the John Does have been identified, then the Court will issue a scheduling order that closely defines the initial exchange of information and guides the parties through the issue of exhaustion of the grievance process, if the defendants raise that issue. These early stages are reasonable for an inmate to manage without legal experience or expertise. Thus, for now Plaintiff's Motion (Doc. 3) will be denied because he appears competent to manage the next steps. If he wishes to raise his motion again later in the future, he must explain in detail the particular challenges that he is facing litigating this case.

## Disposition

**IT IS HEREBY ORDERED THAT Claims 1-3** of the Complaint (Doc. 1) survive against Defendants Jane Doe 1, Jane Doe 2, and John Doe 3. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Menard to this lawsuit in official capacity to assist with John Doe identification. **Plaintiff must file a Notice within 21 days describing Jane/John Does 1-3.** By contrast, Plaintiff has failed to state a claim against Wexford, and the Clerk of Court is **DIRECTED** to **TERMINATE** Wexford.

The Clerk of Court is **DIRECTED** to prepare for the Warden of Menard (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,

regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: March 25, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.